# In the United States Court of Federal Claims

No. 09-33302

(Filed: February 21, 2023)[1]

**NOT FOR PUBLICATION**

| | |
|---|---|
| ****************************************** | |
| DAVID F. HENDERSON, *et al.*, * | |
| * | |
| Plaintiffs, * | |
| * | RCFC 12(b)(1); Lack of Subject-Matter Jurisdiction; Federal Insurance Contributions Act ("FICA"); Tax Refund Claim; Statute of Limitations; I.R.C. § 6511; *Pro Se*. |
| v. * | |
| * | |
| THE UNITED STATES, * | |
| * | |
| Defendant. * | |
| ****************************************** | |

*David F. Henderson*, Lincoln, CA; *Larry S. Walters*, Sedalia, CO; *Warren H. Nelson*, West Chicago, IL; *Glenn T. Goble*, Lydon, WA, each proceeding *pro se*.

*Emily Van Dam*, U.S. Department of Justice, Tax Division, Washington, DC, counsel for Defendant.

## MEMORANDUM OPINION AND ORDER[2]

**DIETZ, Judge.**

      Four United Airlines pilots who retired in 1999 (collectively, the "1999 Plaintiffs")—each proceeding *pro se*—seek refunds of Federal Insurance Contributions Act ("FICA") taxes paid at the time of their retirements based on the estimated value of their non-qualified deferred compensation benefits.[3] Before the Court are the government's motions to dismiss the individual complaints of the 1999 Plaintiffs for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"). Because the Court finds that each of the 1999 Plaintiffs failed to timely file their tax refund claims with the Internal Revenue Service ("IRS") as required by section 6511 of the Internal Revenue Code ("I.R.C."),

---

[1] To promote clarity and transparency, the Court also filed this Memorandum Opinion and Order in *Koopmann, et al. v. United States*, 09-3333.

[2] This Memorandum Opinion and Order is nearly identical to the Memorandum Opinion and Order issued by the Court on December 28, 2022 in *Biestek v. United States*, 09-33301, except that it has been modified to reflect the individual retirement years and circumstances of the 1999 Plaintiffs. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022).

[3] The 1999 Plaintiffs are: David F. Henderson, Glenn T. Goble, Warren H. Nelson, and Larry S. Walters.

the Court lacks jurisdiction to hear their complaints. Accordingly, the government's motions to dismiss are **GRANTED**.

I.  BACKGROUND

A FICA tax is "imposed on the income of every individual" by the United States government, and it is used by the government to fund federal benefits, such as Social Security and Hospital Insurance ("HI"). *See* I.R.C. § 3101; 26 C.F.R. § 31.3121(a)-2. Although the FICA tax is generally paid when the employee receives wages, wages under a nonqualified deferred compensation plan—the type of plan at issue in this case—are subject to a "special timing rule[.]" *See* I.R.C. § 3121(a); 26 C.F.R. § 31.3121(v)(2)-1; *Balestra v. United States*, 803 F.3d 1363, 1366 (Fed. Cir. 2015). Under the special timing rule, the FICA tax on wages deferred under a non-qualified deferred compensation plan is paid on "[t]he date on which services creating the right to the amount deferred are performed" or "[t]he date on which the right to the amount deferred is no longer subject to a substantial risk of forfeiture[,]" whichever is latest. I.R.C. § 3121(v)(2)(a)(ii). Furthermore, for a nonaccount balance plan—the type of nonqualified deferred compensation plan held by each of the 1999 Plaintiffs—the FICA tax is not required to be paid until "the first date on which all the amount deferred is reasonably ascertainable (the resolution date)." 26 C.F.R. § 31.3121(v)(2)-1(e)(4)(i)(A). A deferred amount is "considered reasonably ascertainable on the first date on which the amount, form, and commencement date of the benefit payments attributable to the amount deferred are known[.]" *Id.* § 31.3121(v)(2)-1(e)(4)(i)(B). The deferred amount is taxed at "present value," which is computed with reference to actuarial projections for life expectancy and a discount rate which accounts for the time value of money but does not account for the risk of employer default. *See* 26 C.F.R. § 31.3121(v)(2)-1(c)(2)(ii); *Koopmann v. United States*, 150 Fed. Cl. 299, 302 (2020) (citing *Balestra*, 803 F.3d at 1371).

Each of the 1999 Plaintiffs is a former United Airlines pilot who retired in 1999 with a non-qualified deferred compensation plan. *See* More Definite Statement for David F. Henderson [ECF 3-1] at 2[4]; More Definite Statement for Glenn T. Goble [ECF 8-1] at 6; Suppl. to Warren H. Nelson Short Form Compl. [ECF 7] at 9; More Definite Statement for Larry S. Walters [ECF 4-1] at 6. Pursuant to the special timing rule, United Airlines paid the FICA taxes on behalf of each of the 1999 Plaintiffs at the time of their respective retirements in 1999. [ECF 3-1] at 3 (Henderson); [ECF 7] at 9 (Nelson); [ECF 4-1] at 4 (Walters); *see also* [ECF 8-1] at 6[5] (Goble). However, United Airlines subsequently filed for bankruptcy, and the 1999 Plaintiffs did not receive the full amount of their respective benefits that they expected to receive under their non-

---

[4] All page numbers in the parties' filings refer to the page number generated by the CM/ECF system.

[5] Although this letter does not explicitly state that United Airlines paid the FICA taxes on Mr. Goble's behalf at the time of his retirement, Mr. Goble does not dispute this fact. Additionally, it can reasonably be inferred from this letter and other materials provided by Mr. Goble. First, this letter is from Mr. Goble to United Airlines requesting a refund of an overpayment of FICA taxes. [ECF 8-1] at 6. In the letter, Mr. Goble mentions that "[a] deduction for Medicare" was taken based on an estimated value of his non-qualified deferred compensation plan. *Id.* Furthermore, in response, United Airlines sent a letter stating that it would not pursue a refund claim for the FICA taxes paid on Mr. Goble's behalf. *Id.* at 7.

qualified deferred compensation plans.[6] *See* [ECF 3-1] at 2 (Nelson); [ECF 8-1]. at 6 (Goble); [ECF 7] at 2, 9 (Nelson); [ECF 4-1] at 5 (Walters). Following the bankruptcy, United Airlines informed each of the 1999 Plaintiffs that United Airlines would not seek a refund of the FICA taxes paid on their respective deferred benefits that they did not receive and advised the 1999 Plaintiffs to each file an individual claim with the IRS if they believed that they were entitled to a refund. *See* [ECF 3-1] at 4 (Henderson); [ECF 8-1] at 7 (Goble); [ECF 7] at 4 (Nelson); [ECF 4-1] at 5 (Walters). Each of the 1999 Plaintiffs proceeded to file an individual refund claim with the IRS, the details of which are provided below:

- David F. Henderson retired from United Airlines on November 30, 1999. [ECF 3-1] at 2. At the time of his retirement, Mr. Henderson's non-qualified deferred compensation benefits were estimated to be valued at $376,256.25, with a FICA tax assessment of $5,455.72. *Id.* at 3. Due to United Airlines bankruptcy, Mr. Henderson's non-qualified compensation benefits were terminated after he received only $217,642.50 of the estimated benefits. *Id.* at 2. On May 15, 2007, Mr. Henderson filed a refund claim of $2,299.91 with the IRS for the HI portion of the FICA tax that was prepaid on the benefits that he did not receive. *Id.* at 1-2.

- Glenn T. Goble retired from United Airlines on December 31, 1999. [ECF 8-1] at 6. At the time of his retirement, Mr. Goble's non-qualified deferred compensation benefits were estimated to be valued at $568,043.80, with a FICA tax assessment of $8,236.64. *Id.* On March 8, 2009, Mr. Goble filed a refund claim of $5,292.39 with the IRS for the HI portion of the FICA tax that was prepaid on the benefits that he did not receive. [ECF 8-2] at 4.

- Warren H. Nelson retired from United Airlines on December 30, 1999. [ECF 7] at 9. At the time of his retirement, Mr. Nelson's non-qualified deferred compensation benefits were estimated to be valued at $304,419.54, *id.* at 2, with a FICA tax assessment of $5,609.47, *id* at 9. Due to United Airlines bankruptcy, Mr. Nelson's non-qualified compensation benefits were terminated after he received only $166,156.83 of the estimated benefits. *Id.* at 2. On October 25, 2007, Mr. Nelson filed a refund claim of $2,004.81 with the IRS for the HI portion of the FICA tax that was prepaid on the benefits that he did not receive. Nelson IRS Refund Claim [ECF 7-1] at 1.

- Larry S. Walters retired from United Airlines on March 31, 1999. [ECF 4-1] at 5. At the time of his retirement, Mr. Walters' non-qualified deferred compensation benefits were estimated to be valued at $277,855.73, with a FICA tax assessment of $4,028.91. *Id* at 4. Due to United Airlines bankruptcy, Mr. Walters' non-qualified compensation benefits were terminated after he received only $164,060.21 of the estimated benefits. *Id.* at 5. On December 24, 2007, Mr. Walters filed a refund claim of $1,650.04 with the IRS for the HI portion of the FICA tax that was prepaid on the benefits that he did not receive. *Id.* at 3.

---

[6] The United States Court of Appeals for the Seventh Circuit approved United Airlines reorganization following its bankruptcy in 2006. *See In re UAL Corp.*, 468 F.3d 444 (7th Cir. 2006).

The 1999 Plaintiffs are among a larger group of retired United Airlines pilots seeking a refund of FICA taxes. Another retired United Airlines pilot, William Koopmann, proceeding *pro se*, filed a case in this Court on May 26, 2009, in which he similarly sought a refund of the HI portion of the FICA tax paid in connection with his non-qualified deferred compensation benefits.[7] *See* Compl., *Koopmann, et al. v. United States*, No. 09-333 [ECF 1]. Thereafter, on March 12, 2010, Peter Sofman, another retired United Airlines pilot, filed a separate *pro se* case seeking a FICA tax refund. *See* Compl., *Sofman, et al. v. United States*, No. 10-157 [ECF 1]. Mr. Koopman and Mr. Sofman collectively sought to include over 160 other retired United Airlines pilots as plaintiffs in their respective cases, including the 1999 Plaintiffs. *See Koopmann*, No. 09-333 [ECF 1] at 1-2; *Sofman*, No. 10-157 [ECF 1] at 1. The Court allowed each retired pilot, including the 1999 Plaintiffs, to join the *Koopman* and *Sofman* cases as individual *pro se* plaintiffs. *See* May 26, 2010 Order, *Koopmann*, No. 09-333 [ECF 62]; May 26, 2010 Order, *Sofman*, No. 10-157 [ECF 77]. The Court eventually consolidated the *Koopmann* and *Sofman* cases under *Koopmann*. *See* Jul. 23, 2021 Order, *Koopmann*, No. 09-333 [ECF 565] at 3; Jul. 23, 2021 Order *Sofman*, 10-157 [ECF 265] at 3.

In an opinion issued on September 30, 2020, this Court dismissed Mr. Koopmann's complaint for lack of subject matter jurisdiction because the Court found that his tax refund claim was not timely filed with the IRS and thus his complaint was time-barred by § 6511. *Koopmann*, 150 Fed. Cl. at 304. Mr. Koopmann appealed, and the Federal Circuit affirmed the dismissal of his complaint. *Koopmann v. United States*, No. 2021-1329, 2022 WL 1073340 (Fed. Cir. Apr. 11, 2022).[8]

Despite the dismissal of Mr. Koopmann's complaint, many of the other retired pilots who joined the *Koopmann* case remained active in the litigation and continued to prosecute their complaints. To ensure that each plaintiff provided the necessary information to support their individual tax refund claim in this Court pursuant to RCFC 9(m), the Court required each individual plaintiff to file a short form complaint, *see* Jan. 12, 2021 Order, *Koopmann*, No. 09-333 [ECF 391] at 12-13; Jan. 12, 2021 Order, *Sofman*, No. 10-157 [ECF 232] at 12-13. Each of the 1999 Plaintiffs filed a short form complaint. *See* Henderson Short Form Compl., *Koopmann*, No. 09-333 [ECF 548]; Goble Short Form Compl., *Sofman*, No. 10-157 [ECF 252]; Nelson Short Form Compl., *Koopmann*, No. 09-333 [ECF 536]; Larry Walters Short Form Compl., *Koopmann*, No. 09-333 [ECF 448].

For case management purposes, the Court used the information contained in the short form complaints to organize the remaining individual plaintiffs into nine groups based upon retirement year and to sever each group into a separate case. *See Koopmann,* No. 09-333 [ECF 565]; *Sofman*, No. 10-157 [ECF 265]. As the only plaintiff to have retired in 1999, Mr. Henderson was the only plaintiff initially assigned to the instant case. *See id.* at 2. The Court

---

[7] This case was reassigned to the undersigned on January 12, 2021. *See* Jan. 12, 2021 Order, *Koopmann, et al. v. United States*, No. 09-333 [ECF 393].

[8] This Court also dismissed another plaintiff, William Brashear, on the same grounds and same day as Mr. Koopmann. *See Koopmann v. United States*, 150 Fed. Cl. 290, 299 (2020). Mr. Brashear's dismissal was also upheld by the Federal Circuit in *Koopmann*. *See* 2022 WL 1073340, at *7.

- 4 -

transferred Mr. Walters' complaint to the instant case after Mr. Walters provided additional information regarding his retirement year. *See* June 13, 2022 Order, *Barnes, et al. v. United States*, No. 09-33308 [ECF 23]. On July 7, 2022, the government moved to dismiss the complaints of Messrs. Henderson and Walters for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss [ECF 6]. The Court subsequently transferred the complaints of Messrs. Goble and Nelson to the instant case after they provided additional information regarding their respective retirement years. *See* July 28, 2022 Order, *Barnes*, No. 09-33308 [ECF 24]; Aug 18, 2022 Order, *Barnes*, No. 09-33308 [ECF 26]. After the Court transferred the complaints of Messrs. Goble and Nelson, the government filed a separate motion to dismiss their complaints for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s 2d Mot. to Dismiss [ECF 9]. The 1999 Plaintiffs each signed onto a combined response, which was filed on September 6, 2022. Pls.' Resp. [ECF 11]. The government filed its reply on September 20, 2022. Def.'s Reply [ECF 12]. The Court has reviewed the briefing and determined that oral argument is not necessary to reach a decision.

## II.     LEGAL STANDARDS

A motion to dismiss for lack of subject-matter jurisdiction challenges the court's "general power to adjudicate in specific areas of substantive law[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1). When considering a motion to dismiss for lack of jurisdiction, the Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). If a motion to dismiss for lack of subject-matter jurisdiction challenges the truth of the jurisdictional facts alleged, the Court may consider relevant evidence outside the complaint when resolving the dispute. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988); *Engage Learning v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). A plaintiff has the burden to establish jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court liberally construes pleadings from *pro se* plaintiffs. *See Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018). The leniency afforded to *pro se* plaintiffs, however, does not give the court "discretion to bend . . . [or] take a liberal view of jurisdictional requirements for *pro se* litigants[.]" *Stanley v. United States*, 107 Fed. Cl. 94, 98 (2012). *Pro se* plaintiffs must still establish the court's jurisdiction by a preponderance of the evidence. *See Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017); *see also Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[W]here the question is the calculation of the time limitations placed on the consent of the United States to suit, a court may not [] take a liberal view of that jurisdictional requirement and set a different rule for *pro se* litigants.").

## III.    DISCUSSION

The government asserts that this Court lacks jurisdiction over the complaints filed by the 1999 Plaintiffs because "the administrative claims filed by the 1999 [P]laintiffs were untimely, and their refund claims . . . are barred by I.R.C. § 6511." [ECF 6] at 1; [ECF 9] at 1.[9] This Court

---

[9] In their combined response to the government's motion to dismiss, the 1999 Plaintiffs state "that they have read James Biestek's [r]esponse . . . and they assert that James Biestek's arguments in response to [the government's]

possesses jurisdiction over claims for tax refunds provided that the plaintiff meets certain jurisdictional requirements. *See* 28 U.S.C. § 1346(a)(1); I.R.C. § 7422(a); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4, 14 (2008). One of those requirements is that the plaintiff must *timely* file a refund claim with the Secretary of the Treasury before proceeding with a refund suit in this Court. *See* I.R.C. § 7422(a); *Sun Chem. Corp. v. United States*, 698 F.2d 1203, 1206 (Fed. Cir. 1983) ("[I]t is a well-established rule that a timely, sufficient claim for refund is a jurisdictional prerequisite to a refund suit"); *see also Greene v. United States*, 191 F.3d 1341, 1343 (Fed. Cir. 1999). Under § 6511, a federal tax refund claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later[.]" I.R.C. § 6511(a). Additionally, when calculating the time limitations for a FICA tax refund claim, the following must be taken into consideration:

> (1) If a return for any period ending with or within a calendar year is filed before April 15 of the succeeding calendar year, such return shall be considered filed on April 15 of such succeeding calendar year; and
>
> (2) If a tax with respect to remuneration or other amount paid during any period ending with or within a calendar year is paid before April 15 of the succeeding calendar year, such tax shall be considered paid on April 15 of such succeeding calendar year.

I.R.C. § 6513(c). Failure to file a refund claim within the requisite period deprives this Court of jurisdiction to hear the case. *See Clintwood*, 553 U.S. at 4.

      Following the individual retirements of the 1999 Plaintiffs, United Airlines paid the applicable FICA taxes on their respective non-qualified deferred compensation benefits. [ECF 3-1] at 3 (Henderson); [ECF 7] at 9 (Nelson); [ECF 4-1] at 4 (Walters); *see also* [ECF 8-1] at 6-7 (Goble). According to IRS transcripts,[10] United Airlines filed its quarterly returns for the year 1999 on June 14, 1999, September 13, 1999, December 6, 1999, and April 3, 2000. *See* Def.'s Ex. A [ECF 6-1]; Def.'s Ex. B [ECF 6-2]. Because all the returns for the 1999 tax year were filed before April 15, 2000, these returns are considered filed as of April 15, 2000. *See* I.R.C. §

---

motion to dismiss him are their arguments in response, as well." [ECF 11]; *see also* Pl.'s Resp. to Def.'s Mot. to Dismiss, *Biestek v. United States*, 09-33301 [ECF 9]. Accordingly, the Court treats the 1999 Plaintiffs as making the same arguments in response to the government's motion to dismiss in this case as Mr. Biestek made in response to the government's motion to dismiss in his case, which the Court considered in *Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022).

[10] The 1999 Plaintiffs argue that the IRS transcripts provided by the government show only that United Airlines "filed FICA tax returns regularly," not that United Airlines filed a FICA tax return specifically on their behalf. *Biestek*, No. 09-33301 [ECF 9] at 3. This argument is meritless. The 1999 Plaintiffs never argue that United Airlines failed to report their wages on its quarterly tax returns or to make payment of the FICA taxes attributable to their wages. Furthermore, the documentation provided by the 1999 Plaintiffs shows that United Airlines paid the FICA taxes on their behalf at the time of their respective retirements as required by IRS regulations. [ECF 3-1] at 3 (Henderson); [ECF 7] at 9 (Nelson); [ECF 4-1] at 4 (Walters); *see also* [ECF 8-1] at 6-7 (Goble).

6513(c)(1). IRS transcripts also demonstrate that United Airlines made the applicable tax deposits by no later than May 30, 2000. *See* [ECF 6-1] at 4; [ECF 6-2]. Under these circumstances, the 1999 Plaintiffs were required by § 6511 to file their refund claims with the IRS by April 15, 2003—which is the later date of three years from the time that United Airlines filed the return and two years from the time when United Airlines paid the tax. *See* I.R.C. § 6511. The earliest date on which any of the 1999 Plaintiffs filed their individual tax refund claim was May 15, 2007—the date Mr. Henderson filed his tax refund claim. *See* [ECF 3-1] at 1.[11] Because none of the 1999 Plaintiffs' tax refund claims were timely filed as required by § 6511, the Court lacks jurisdiction to consider any of their tax refund suits. The Court reaches this conclusion despite the 1999 Plaintiffs' arguments that § 6511's time limitations do not bar their tax refund suits.

In their combined response to the government's motions to dismiss, the 1999 Plaintiffs adopt the same arguments raised by Mr. Biestek in his response to the government's motion to dismiss in his case. *See* [ECF 11] (stating "that they have read James Biestek's [r]esponse . . . and they assert that James Biestek's arguments in response to [the government's] motion to dismiss him are their arguments in response, as well"); *see also* Pl.'s Resp. to Def.'s Mot. to Dismiss, *Biestek v. United States*, 09-33301 [ECF 9]. The Court considered and rejected these arguments in *Biestek*. *See Biestek v. United States*, 09-33301, 2022 WL 17975973 (Fed. Cl. Dec. 28, 2022) at *4-5. For the same reasons stated in *Biestek*, the Court rejects these arguments in this case. Further, the Court notes, as it did in *Biestek*, that the Federal Circuit also previously rejected similar arguments under similar circumstances. *See Koopmann*, 2022 WL 1073340.[12]

## IV.   CONCLUSION

For the reasons stated above, the government's motions to dismiss [ECFs 6, 9] are **GRANTED**. The complaints of Mr. Henderson, Mr. Walters, Mr. Goble, and Mr. Nelson are **DISMISSED**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

---

[11] The other tax refund requests were received on the following dates: September 14, 2007, [ECF 4-1] (Walters); October 29, 2007, [ECF 7-1] at 10 (Nelson); and March 8, 2009, [ECF 8-2] at 4 (Goble).

[12] Although *Koopmann* is unpublished and not strictly binding upon this Court, this case is highly persuasive because the Federal Circuit ruled on the timeliness of refund claims by individual plaintiffs who were a part of the same case that the 1999 Plaintiffs joined or under which their claims were consolidated. *See RhinoCorps Co. v. United States*, 87 Fed. Cl. 261, 279 (2009) (stating that while an unpublished Federal Circuit opinion is not binding on this Court, "the Federal Circuit has indicated its view.").